**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**JUNIOR YOHAR ARGUETA VASQUEZ,**

***Petitioner*,**

**v.** **Case No. 5:26-CV-1648-JKP**

**SYLVESTER ORTEGA, et al.,**

***Respondents*.**

**ORDER GRANTING**
**PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is a Petition for Writ of Habeas Corpus (ECF No. 1) filed pursuant to 28 U.S.C. § 2241. Respondents (sometimes referred to as "the Government") have filed a response (ECF No. 7) to which Petitioner has filed a reply (ECF No. 10). Petitioner thereafter filed an advisory (ECF No. 12) and twice moved to expedite the case, *see* ECF Nos. 13 and 15. The petition and motions are ready for ruling.

Petitioner is a citizen of Honduras who was born on July 2, 2003. On June 20, 2021, at the age of seventeen, Petitioner entered at the United States without inspection and without an adult family member. Within forty-eight hours, Border Patrol Officers designated Petitioner as an Unaccompanied Alien Child ("UAC") and transferred him to the custody of the Office of Refugee Resettlement ("ORR") which by statute takes custody of UAC. Before he turned eighteen, Petitioner was released from ORR custody to the custody of a family member on July 1, 2021. The next day he turned eighteen. To date, Respondents have not terminated his UAC status.

On October 8, 2025, immigration authorities detained Petitioner without notice or an opportunity to be heard. Petitioner thereafter applied for asylum, withholding of removal, and protection under the Convention Against Torture to defend against his removal to Honduras. The Government thereafter moved for the immigration court to order removal to Ecuador or

Guatemala, even though Asylum Cooperation Agreements between the United States and those countries prohibit sending a UAC to those countries.

On January 8, 2026, an immigration judge ordered Petitioner removed to Ecuador, or in the alternative, Guatemala. Petitioner initially reserved appeal of the removal order, but moved to withdraw the reserved appeal on January 21, 2026. The immigration judge granted that motion the next day, thereby making the order of removal administratively final as of January 8, 2026. Petitioner filed the instant habeas action while he was still within the first ninety days of detention post-final order of removal. In their response, Respondents argue that (1) this Court lacks jurisdiction to review the final order of removal; (2) the post-order mandatory detention for ninety days does not violate due process; (3) Petitioner's claim under *Zadvydas v. Davis*, 533 U.S. 678 (2001) is not ripe because he has not been detained continuously with a final order of removal for six months; and (4) Petitioner's post-order mandatory detention comports with due process and *Zadvydas*.

Before addressing the merits of the instant habeas petition, the Court addresses the motions to expedite. Petitioner first moved to expedite because, as an UAC, he cannot be removed to a third country and because Respondents had made no showing that he will be removed in the reasonably foreseeable future. *See* ECF No. 13. He later moved for immediate release under *Sosnava Rodriguez v. Ortega*, No. 26-50183 (5th Cir. 2026). *See* ECF No. 15. While the Court understands the desire for immediate court action, it also wrestles with the reality of having hundreds of habeas actions pending before it. Given the multitude of cases with similar facts and issues, motions to expedite mostly waste valuable judicial time and resources. In this instance, the Court denies both motions as unnecessary because at this point it has already expedited this matter to the extent possible through its standard practice with habeas petitions. Numerous reasons have prevented the Court from further expediting this matter.

Petitioner asserts three claims in his petition. Respondents recognize that *Zadvydas* provides an avenue for habeas relief, but only after Petitioner has been detained for more than six months. In reply, Petitioner contends that he should not have to wait ninety days or six months as proposed by Respondents. Through the filed reply brief in which, among other things, he states that he is entitled to habeas relief because his detention violates 8 U.S.C. § 1231(a)(6) of the Immigration and Nationality Act as interpreted by *Zadvydas* and that Respondents improperly revoked his prior release in violation of due process.

After reviewing the briefing, provided evidence, and applicable law, the Court grants the petition based on the law as set out and analyzed in *Shengelia v. Ortega*, No. 5:25-CV-1545-JKP, 2025 WL 3654368 (W.D. Tex. Dec. 16, 2025); *Marquez-Amaya v. Thompson*, No. 5:25-CV-1501-JKP, 2025 WL 3654327, at *5 (W.D. Tex. Dec. 15, 2025). While there are differences between this case and those cited cases, none warrant a different result. For reasons previously stated in those cases, the Court finds that (1) there is no question that Petitioner has been detained longer than the presumptively reasonable six-month period recognized in *Zadvydas*; (2) Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future; and (3) Respondents have not responded with evidence sufficient to rebut that showing. Through the circumstances of Petitioner's detention and the undisputed facts, Petitioner has satisfied the requirements of *Zadvydas*. The Court recognizes that the Fifth Circuit has recently issued an en banc decision which addresses detention under 8 U.S.C. § 1225(b)(2). *See Rodriguez v. Vergara*, ___ F.4th ___, No. 26-50183, 2026 WL 3181188, at *1 (5th Cir. Oct. 23, 2026). But nothing in that case affects the application of *Zadvydas* to the facts of this case.

Petitioner has been detained since October 2025, with a final order of removal since January 2026. Upon his re-detention, Petitioner claimed fear of removal to his home country, Honduras, and an immigration judge subsequently ordered him removed to either Ecuador or Guatemala.

Petitioner has explained why Respondents cannot remove him to either of those countries, and to the Court's knowledge, Petitioner continues to be detained even though almost ten months have passed since his order of removal became final. Although Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, Respondents have made no effort to show that there is a significant likelihood of removal in the reasonably foreseeable future. They have not rebutted Petitioner's proffered reason.

Taken as a whole, the circumstances provide good reason to believe that there is no significant likelihood of Petitioner's removal in the foreseeable future and Respondents have not rebutted that showing. The circumstances further support finding that, at the time Respondents revoked Petitioner's prior release, there had been no changed circumstances that justified re-detaining him and there was no significant likelihood that he may be removed in the reasonably foreseeable future.

For the foregoing reasons, the Court **GRANTS** the Petition for Habeas Corpus (ECF No. 1) and **DENIES** the two motions to expedite (ECF Nos. 13 and 15). Under the circumstances of this case, the Court concludes that habeas relief is proper and *Zadvydas* requires Petitioner's release from the unlawful detention. Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 are not available in habeas corpus proceedings like this one. The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241 and declines to consider any claim other than the alleged *Zadvydas* violation. **IT IS HEREBY ORDERED** that **on or before November 7, 2026**, Respondents shall **RELEASE Petitioner Junior Yohar Argueta Vasquez** from custody to a public location, under conditions no more restrictive than those in place before the detention at issue.

Respondents must **NOTIFY** Petitioner's counsel of the exact location and exact time of release as soon as practicable and no less than two hours before release.

Any possible or anticipated removal or transfer of Petitioner under this present detention is **PROHIBITED**.

No later than the next business day after the ordered release date, Respondents shall **FILE** a status report to confirm whether Petitioner has been released. If counsel for Petitioner disagrees with any aspect of the filed Status Report, counsel may file a separate Status Report.

A final judgment will be issued separately.

**IT IS SO ORDERED this 5th day of November 2026.**

Jason Pulliam

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**